PALM v COMMUNITY TRACTION CO

Ohio Appeals, 6th Dist, Lucas Co

No 2182.   Decided Feb 25, 1929

Joseph G Gluck and M M Garfinkel, both of Toledo, for Palm.

Tracy, Chapman & Welles and Frank Harrington, all of Toledo, for Traction Co.

RICHARDS, J.

This charge was given to the jury in advance of argument and over the exception of counsel for plaintiff, and was again given to the jury in the course of the general charge.  It made the right of the plaintiff to recover depend solely upon whether she was injured on the precise day that she stated in her testimony, even though other testimony was introduced which would indicate that the accident occurred at a time when Rymariewicz was the motorman, wearing badge No. 277, and when car No. 624 was in use on Erie street.  We think this charge was manifestly erroneous and prejudicial to the rights of the plaintiff.

Some confusion as to date may have arisen from the fact that the first day of

January, 1928, was on a Sunday, and that the following Monday was observed as a holiday. If the plaintiff had in mind that the accident occurred two days after the day that was observed as New Year's day, that would bring the date January 4th instead of January 3rd, and· it appears from the record that the defendant company has a different schedule for Sundays and holidays. The effect of the instruction was to make the right of recovery depend wholly and absolutely on the plaintiff's recollection of the date on which she claims to have been injured, rather than on the merits of the case.

It is urged, however, that under the doctrine announced in **McAllister vs. Hartzell, 60 Ohio St.,· 69,** and other kindred cases, the judgment could not be reversed for this error. This court recognizes and has often applied the rule to which reference has been made, but that rule can have no application where the charge is of such a character that it relates to all the issues and the instruction given in this case covered the whole scope of all of the issues. **The Scioto Valley· Railway & Power Co. vs. Rutter, Admx. 112 Oh St., 500.** The instruction was equivalent to saying to the jury: "No matter how seriously the plaintiff was injured, nor under what circumstances, she is not entitled to recover unless the injury occurred on January 3rd, 1928, at about 7:30 P. M."

For the reasons given the judgment will be reversed and the cause remanded for a new trial.

Williams and Lloyd, JJ, concur.